UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO CASTRO,

                Plaintiff,

      v.

UNITED SECURITY INC.,

                Defendant.

10 Civ. 6152 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

    Before the Court is Defendant United Security Inc. ("United Security")'s Motion to Dismiss *pro se* Plaintiff Ricardo Castro's Second Amended Complaint ("SAC"). For the reasons discussed below, United Security's motion to dismiss is granted.

## I. Background

    Castro was employed by United Security as the security site supervisor at a building in downtown Manhattan owned by the company LimeWire until his termination on November 5, 2009. SAC at 5. He filed a charge of employment discrimination with the EEOC twelve days later, on November 17, 2009. Pl.'s Obj. Mot. Dismiss at 1. On April 4, 2010, the Equal Employment Opportunity Commission ("EEOC") sent Castro a Dismissal and Notice of Rights (colloquially known as a "right-to-sue letter"), granting him the right to pursue his claims under Title VII of the Civil Rights Act of 1964, as well as other federal anti-discrimination statutes, in federal court. Kaiser Decl., Ex. A.

    On August 17, 2010, Castro filed suit in this Court, claiming that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On October 15, 2010, Castro filed an Amended Complaint. On January 31, 2011 he filed a Second Amended Complaint

1

("SAC"), in which he corrected several dates misstated in the Amended Complaint and added two causes of action under New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*, and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq*.

On May 9, 2011, United Security filed the motion that is the subject of this Order. It argued that the SAC should be dismissed both because it was untimely and because it failed to state a claim of employment discrimination under either state or federal law.

## II.    Standard of Review

In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2nd Cir. 2007) (internal citations omitted). While detailed factual allegations are not required, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

While *pro se* plaintiffs remain bound by these standards, courts are required to construe their complaints liberally, to "raise the strongest arguments that they suggest." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) and "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of their rights because of lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## III.    Discussion

United Security argues that Castro's Title VII claims against it should be dismissed as untimely because Castro filed them more than 90 days after he received his right-to-sue-letter

from the EEOC, as required by 42 U.S.C. § 2000e-5(f)(1).  Courts have interpreted the ninety-day limit on the amount of time that plaintiffs may wait after receipt of a right-to-sue letter before filing suit in federal court strictly.  *Hughes v. Elmira College*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008) (noting that "[t]he 90-day period is strictly enforced and cannot be extended by even one day") (internal quotations omitted).  United Security argues that the untimeliness of Castro's Title VII claim is sufficient grounds to dismiss his suit entirely, since Title VII serves as the only basis of federal jurisdiction in this case.  Def.'s Mem. Supp. Mot. Dismiss at 3–4.

We agree.  "[C]ourts generally presume that a mailed document is received three days after the date on which it is sent." *Comrie v. Bronx Leb. Hosp.*, No. 97-7484(L), 1998 U.S. App. LEXIS 1224, at *4 (2d Cir. 1998).  *Hughes v. Elmira College*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008)  Assuming therefore that Castro received his right-to-sue letter on April 12, 2010, three days after it was mailed on  April 9, 2010,  his time to file suit pursuant to 2000e-5(f)(1) expired on July 11, 2010.  Castro actually filed suit more than a month later, on August 17, 2010.   The Complaint was therefore clearly untimely under  U.S.C. § 2000e-5(f)(1).

Because the filing deadline imposed by § 2000e-5(f)(1) is not jurisdictional, it may be equitably tolled.  *Zerilli-Edelglass v. N.Y. City Transit Auth.,* 333 F.3d 74 (2d Cir. 2003).  However, equitable tolling is only available in "rare and exceptional circumstances," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), which prevent the petitioner "in some extraordinary way from exercising his rights." *Johnson v. Nyack Hosp*., 86 F.3d 8, 12 (2d Cir. 1996).  "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled" and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."  *Blake v. Worldwide Sec*.

3

*Assocs.,* No. 05-CV-4400(JG), 2006 U.S. Dist. LEXIS 5795, at *4 (E.D.N.Y. Feb. 15, 2006). The fact that a plaintiff is *pro se* is not, by itself, considered a sufficiently "extraordinary" circumstance to justify equitable tolling. *Pro se* status is instead one of the factors courts take into account when determining when to equitably toll.

In contexts where *pro se* plaintiffs have diligently attempted to exercise their legal rights but because of their lack of expertise have nonetheless failed to fulfill the statutory requirements, courts have agreed to equitably toll EEOC filing requirements. *See, e.g., Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) (equitably tolling the EEOC statute of limitations with regard to plaintiff's second motion to reopen a Title VII and ADEA claim on the grounds that its decision to grant the first motion "lulled [the plaintiff] into thinking he didn't have to refile his complaint"); *Ghosh v. New York City Dept. of Health*, 413 F. Supp. 2d 322, 330 (S.D.N.Y. 2006) (granting equitable tolling on the grounds that plaintiff was understandably confused by the dual processing of an employment discrimination claim he filed with both the EEOC and the New York State Division of Human Resources (SDHR) and believed he had to wait for the SDHR's administrative process to conclude before filing suit). However, in contexts where *pro se* plaintiffs have provided no explanation for their failure to timely file, or no evidence of an attempt to diligently exercise their legal rights, courts have denied equitable tolling. *See, e.g., Falso v. Gates Chili Cent. Sch. Dist.*, 408 Fed. Appx. 494, 496 (2d Cir. 2011); *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *Smith v. City of New York Dep't of Corr.*, 09 Civ. 7639 (NRB), 2010 U.S. Dist. LEXIS 137152, at *9-10 (S.D.N.Y. Dec. 20, 2010). "[A] plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *South v. Saab Cars USA*, 28 F.3d 9, 11-12 (2d Cir. 1994).

In this case, Castro provides no explanation for the untimely filing of his Complaint.  Nor are there any facts in the Amended Complaints that point to circumstances that would have made it difficult for Castro to have filed in a timely fashion.  Castro has filed several requests for the appointment of *pro bono* counsel in which he notes his ignorance of the law and his inability to fully understand the legal language.  *See* Docket Entry No. 7 (S.D.N.Y.  Nov. 30, 2010); Docket Entry No. 42 (S.D.N.Y. June 3, 2011).  His failure to file suit within the specified time period may simply reflect therefore his ignorance of the consequences of filing late.  While we are sympathetic to his plight, "courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." *Crespo v. Comm'r of Corr.,* No. 3:11cv52(JCH), 2011 U.S. Dist. LEXIS 114144, at *10-12 (D. Conn. Oct. 4, 2011).

Defendant's motion to dismiss Castro's Title VII claim as untimely is therefore granted.  Because this is the only federal claim Castro asserts, United Security's motion to dismiss Castro's state law claims is also granted.  The decision to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c) is a discretionary one, within the power of the district court.  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215  (2d. Cir. 2004).   In a case such as this, where "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

We thus decline to exercise supplemental jurisdiction over any of Castro's state law claims and dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c).  Plaintiff should be aware that this leaves him free to litigate these claims in state court, provided that within ten days

5

of filing suit in state court he serves a copy of the complaint upon the City Commission of Human Rights and the Corporation Counsel, as mandated by the New York City Human Rights Law. N.Y. City Admin. Code § 8-502.

### IV. Conclusion

Plaintiff's Title VII claim is dismissed as untimely. Plaintiff's state law claims are dismissed, without prejudice, for lack of jurisdiction.

SO ORDERED.

Dated: October 17, 2011
New York, NY

_____
U.S.D.J.